IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTONIEL TYLER PENNINGS,<br><br>               Plaintiff,<br><br>    v.<br><br>J. C. SMITH, *et al.*,<br><br>               Defendants. | Case No. 1:15-cv-01183-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITHIN TWENTY DAYS |

      Otoniel Tyler Pennings ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On June 16, 2017, defendants L. Borges and J Torres filed a motion to dismiss (ECF No. 21), which was joined by defendant C. Munoz on June 19, 2017 (ECF No. 26). Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days (Local Rule 230(l)), but did not do so.

      Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

      Given the seriousness of the motion and in the abundance of caution, the Court will give Plaintiff an additional thirty days to file an opposition or statement of non-opposition to the motion to dismiss. The Court will deem any failure to oppose the motion to dismiss as a waiver of any opposition, and may recommend that the motion be granted on that basis.

      Failure to follow a district court's local rules is a proper ground for dismissal. <u>U.S. v. Warren</u>, 601 F.2d 471, 474 (9th Cir. 1979). Thus, a Court may dismiss an action for a plaintiff's

1

failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. See Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contends he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) (holding that a motion for summary judgment cannot be granted based on a failure to file opposition, regardless of any local rule to the contrary).

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to the motion to dismiss; and
2. If Plaintiff fails to comply with this order, the Court will deem the failure to respond as a waiver of any opposition and may grant the motion to dismiss on that basis. Additionally, this case may be dismissed for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **August 1, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE