UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTONIEL TYLER PENNINGS,<br><br>Plaintiff,<br><br>v.<br><br>R. BROOMFIELD, *et al.*,<br><br>Defendants. | Case No. 1:15-cv-01183-AWI-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF Nos. 1, 10, 12, 21, 38) |

Otoniel Tyler Pennings ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On August 24, 2015, Plaintiff consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (ECF. No. 6.) Defendants have not consented to magistrate judge jurisdiction.

The assigned Magistrate Judge screened Plaintiff's complaint before any defendants appeared. (ECF No. 10). On March 3, 2017, Plaintiff filed notice with the court that he was willing to proceed only on the claims found to be cognizable by the Magistrate Judge in the screening order. (ECF No. 11.) Therefore, in an order issued March 13, 2017, the Magistrate Judge found that Plaintiff had stated a cognizable claims for 1) conditions of confinement in

1

violation of the Eighth Amendment (Count I), and 2) retaliation in violation of the First Amendment (Count II) against the Warden, Captain R. Broomfield, Captain B.J. Weaver, Sergeant A. Perez, Correctional Officer ("C/O") F. Nava, C/O L. Borges, C/O F. Rodriguez, John Doe #2, John Doe #3, and John Doe #4 for conditions of confinement in violation of the Eighth Amendment and for retaliation in violation of the First Amendment. (ECF No. 12 at 2.) Additionally, the Magistrate Judge found that the Complaint states a due process claim against Senior Hearing Officer C. Munoz, C/O J. Torres, and C/O L. Borges. (*Id*.) Finally, the Magistrate Judge found that Plaintiff did not state any other cognizable claims, and several claims and Defendants were dismissed. (*Id*. at 2-3).

However, on November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the Magistrate Judge did not have jurisdiction to dismiss the above-described claims by way of the March 13, 2017 order. In light of the *Williams* decision, on December 15, 2017, the Magistrate Judge entered findings and recommendations, recommending that the following claims be dismissed: 1) deliberate indifference to serious medical needs; 2) due process claim (property deprivation); and 3) due process claim (appeals process). (ECF No. 38 at 10-11, 15.) The Magistrate Judge further recommended that Defendants' motion to dismiss (ECF Nos. 21, 26) be granted and that Plaintiff's due process claim (disciplinary proceeding) be dismissed with leave to amend. (ECF No. 38 at 11-15.) Finally, the Magistrate Judge recommended that all John Doe Defendants be dismissed without prejudice based upon Plaintiff's failure to identify them as previously directed. (*Id*. at 14-15.)

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days. No objections were filed.[1]

---

[1] The Findings and Recommendations were returned as undeliverable and it appears that Plaintiff was paroled. Plaintiff has not yet updated his address as required by Local Rules 182(f) and 183(b). According to Local Rule 182(f), service of documents at the record address is fully effective. If Plaintiff fails to file a notice of change of address by March 5, 2017, the remaining claims in this action will be dismissed without prejudice for failure to prosecute. *See* Local Rule 183(b).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, the Court hereby ORDERS as follows:

1. The findings and recommendations issued by the magistrate judge on December 15, 2017, are adopted in full;
2. The following claims and Defendants are dismissed from this action:
    a. Plaintiff's deliberate indifference to serious medical needs claim without prejudice;
    b. Plaintiff's due process claim (property deprivation) with prejudice;
    c. Plaintiff's due process claim (appeals process) with prejudice;
    d. Plaintiff's due process claim (disciplinary proceeding) with leave to amend;
    e. Defendants Senior Hearing Officer C. Munoz, C/O J. Torres, J.C. Smith, and D. Goree; and
    f. All John Doe Defendants.
3. Defendants Senior Hearing Officer C. Munoz, C/O J. Torres, and C/O L. Borges' motion to dismiss (ECF No. 21, 26) is GRANTED.

This action now proceeds only against Defendants Warden, Captain R. Broomfield, Captain B.J. Weaver, Sergeant A. Perez, Correctional Officer ("C/O") F. Nava, C/O L. Borges, C/O F. Rodriguez for: 1) Conditions of confinement in violation of the Eighth Amendment; and 2) Count II: Retaliation in violation of the First Amendment.

IT IS SO ORDERED.

Dated: February 2, 2018

_____
SENIOR DISTRICT JUDGE